IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PJM INTERCONNECTION, LLC, :
directly and derivatively on :
behalf of POWER EDGE, LLC, :
  :
             Plaintiff, :
  :
     v. : Civil Action No. 08-216-JJF
  :
MARK GORTON, et al., :
  :
             Defendants. :

---

Eric N. Macy, Esquire; Molly S. DiRago, Esquire; and Richard G. Douglass, Esquire of NOVACK & MACEY, Chicago, Illinois.
Collins J. Seitz, Jr., Esquire and Kevin F. Brady, Esquire of CONNOLLY, BOVE, LODGE, & HUTZ, Wilmington, Delaware.

Attorneys for Plaintiff.

David B. Tulchin, Esquire; Richard J.L. Lomuscio, Esquire; and Brian L. Frye, Esquire of SULLIVAN & CROMWELL, New York, New York.
Daniel A. Dreisbach, Esquire and Steven J. Fineman, Esquire of RICHARDS, LAYTON & FINGER, Wilmington, Delaware.

Attorneys for Defendants.

---

**MEMORANDUM OPINION**

June 12, 2009
Wilmington, Delaware.

**Farnan, District Judge.**

Pending before the Court is Defendants' Motion To Transfer (D.I. 32) this action to the United States District Court for the Eastern District of Pennsylvania. For the reasons discussed, the Court will grant Defendants' Motion.

## I. BACKGROUND

Defendants Tower Research Capital LLC ("Tower Research Capital"), Tower Research Capital Investments LLC ("Tower Research Capital Investments"), Accord Energy LLC ("Accord Energy"), BJ Energy LLC ("BJ Energy"), Franklin Power LLC ("Franklin Power"), GLE Trading LLC ("GLE Trading"), Ocean Power LLC ("Ocean Power"), Pillar Fund LLC ("Pillar Fund"), and Power Edge LLC ("Power Edge") (collectively, "Defendants") are companies engaged in financial trading and more specifically, in this case, the trading of financial transmission rights ("FTRs"). All of the corporate Defendants are incorporated in Delaware. Defendant Mark Gorton owns all of these companies and resides in New York.

Plaintiff PJM Interconnection, LLC ("PJM Interconnection") is a Delaware Corporation with its headquarters in Norristown, Pennsylvania. Plaintiff operates and manages high voltage energy transmission systems. Plaintiff brought this action in the United States District Court for the District of Delaware on April 16, 2008. Briefly, Plaintiff alleges that Defendants violated the Racketeer Influence and Corrupt Organization Act, 18

1

U.S.C. § 1961.  Plaintiff alleges that this violation stems from Defendants' manipulation of Plaintiff's interstate wholesale energy markets.  In addition, Plaintiff alleges claims for breach of fiduciary duties, aiding and abetting breach of fiduciary duties, fraudulent conveyance, breach of contract, and piercing the corporate veil.

On July 2, 2008, some Defendants[1] from this action filed a complaint in the Court of Common Pleas Philadelphia County (the "Pennsylvania Action").  (D.I. 34, Ex. A.)  These Defendants alleged that Plaintiff seized and refused to return approximately $32 million, intentionally interfered with contractual relations, published false and disparaging statements about Defendants, and defamed Defendant Mark Gorton.  (Id., Ex. A ¶¶ 10-18.)  On August 4, 2008, Plaintiff removed the Pennsylvania Action to the United States District Court for the Eastern District of Pennsylvania.  (D.I. 34 at 2.)  The Pennsylvania Action was assigned to the Honorable Norma L. Shapiro.  Plaintiff then moved to transfer the Pennsylvania Action to this Court.  (Id., Ex. F.)  Although Judge Shapiro denied the motion to transfer, she expressed her view that the two actions are closely related and should be tried in one court.  (D.I. 33, Ex. A at 18-19.)  Plaintiff also moved to remand and dismiss the Complaint, and Judge Shapiro denied the

---

[1] The defendants that filed the action in the Court of Common Pleas are BJ Energy, Franklin Power, GLE Trading, Ocean Power, Pillar Fund, and Mark Gorton.

2

motion for remand, but granted the motion to dismiss insofar as it pertained to the intentional interference claim, disparagement claim, and defamation claim. (D.I. 34 at 2.) On November 7, 2008, Defendants filed a First Amended Complaint in the Pennsylvania Action; however, they did not re-plead the dismissed claims. (Id.) Thus, the only claim still pending before Judge Shapiro is the claim alleging Plaintiff's conversion of approximately $32 million. (Id.)

## II.  PARTIES' CONTENTIONS

In support of their Motion To Transfer, Defendants point out that the underlying facts of both this action and the Pennsylvania Action are similar and the majority of the litigants in both actions are the same. (D.I. 33 at 3.) Defendants also point out that Judge Shapiro expressed a willingness to preside over both cases. (Id.) As such, Defendants contend that both the convenience of the parties and witnesses and the interest of justice would be served by transferring this action to the Eastern District of Pennsylvania. (Id.)

In response, Plaintiff contends that Defendants' Motion To Transfer lacks any basis. (D.I. 34 at 3.) Plaintiff points out that Defendants have changed their position about having both cases before the same court, as they vigorously opposed Plaintiff's motion to transfer the Pennsylvania Action to this Court. (Id. at 3-4.) Further, Plaintiff contends that it would

3

suffer "severe prejudice" in its ability to conduct discovery on its claims in this case if the case were transferred. (Id. at 4.) Nevertheless, Plaintiff concedes that it is more important to it "to consolidate the two cases than to preserve its right to choose this Court as the forum in this action." (Id. at 5.) Accordingly, Plaintiff contends that even though Defendants have not carried their burden of proof under Section 1404 for a transfer, it ultimately would not object to the transfer of this case to the Eastern District of Pennsylvania if "that Court extends discovery to allow PJM [Plaintiff] a full and fair opportunity to conduct discovery on all of the claims alleged in its Complaint in this case." (Id.)

## III. DISCUSSION

### A. Legal Standard

In determining whether to transfer a case pursuant to § 1404(a), courts in the Third Circuit apply the public and private interest factors outlined in Jumara v. State Farm Ins. Co., 55 F.3d 873 (3d Cir. 1995). With regard to the private interests, courts consider: (1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) where the claim arose; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may be unavailable for trial in one of the fora; and (6) the location of books and records, again, only to the extent that they may not be available

in one of the fora. Id. at 879. With regard to the public interests, courts consider: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easier, quicker, or less expensive; (3) court congestion; (4) local interest in the controversy; (5) public policies of the fora; and (6) the trial judge's familiarity with the applicable state law. Id. at 879-80.

**B.   Decision**

After reviewing the parties' arguments in light of the applicable legal principles, the Court concludes that a transfer of this action to the Eastern District of Pennsylvania is appropriate. In analyzing the private interest factors outlined in Jumara, the Court notes that Plaintiff's original choice of forum was this Court, and this choice warrants deference. However, Defendants' preference is for the Eastern District of Pennsylvania, and given the close proximity of the Eastern District of Pennsylvania to this Court and the residences of the parties, the Court finds that the factors related to convenience of the parties and witnesses are neutral regarding transfer. Based on the deference afforded to Plaintiff's choice of forum, the private interest factors tip slightly in favor of denying Defendants' Motion To Transfer.

As for the public interest factors under Jumara, the Court finds that the enforceability of the judgement, public policies

5

of the fora, local interest in the controversy, and familiarity with the law are all neutral regarding transfer; however, the Court is persuaded that practical considerations weigh heavily in favor of a transfer in this case. The Pennsylvania Action has progressed through discovery to summary judgment motions, and thus, Judge Shapiro is already familiar with the overlapping facts of the two cases. In addition, given the progress in the Pennsylvania Action, Judge Shapiro has greater familiarity with the legal issues and the litigants. In addition and perhaps most significantly, Plaintiff has expressed a willingness to forgo its choice of forum in order to have these actions consolidated before one Court. Thus, although Plaintiff's choice of forum requires some deference, Plaintiff's own desire for the consolidation of these cases and the progress of the Pennsylvania Action lead the Court to believe that considerations of expediency, efficiency and judicial economy weigh more heavily in favor of a transfer. Accordingly, the Court will grant Defendants' Motion.

## IV. CONCLUSION

For the reasons discussed, the Court will grant Defendants' Motion To Transfer to the United States District Court for the Eastern District of Pennsylvania.

An appropriate Order will be entered.